REQUESTED BY: Milton Larson, Lincoln County Attorney, North Platte, Nebraska.
In an attempt to establish an order of child support in a situation where the parties are married, separated and living in the same county, can a county attorney, under a welfare referral, upon contract, ethically proceed with a legal separation? If the answer to this is yes, what are his obligations with respect to the other areas covered by a legal separation that do not refer specifically to child support enforcement?
No, there would be conflict of interest.
The county attorney is directed to prosecute for child support enforcement under sections 43-512.01 and 43-512.03, 1977 Supp. This is a statutory assignment of child support payments as a condition of receiving AFDC payments pursuant to section 43-512.07.
The pertinent statutes as to the county attorney's duties read as follows:
 "It shall be the duty of the county attorney, when a copy of the finding of investigation or the application for financial assistance has been filed with him as provided in section 43-512, to immediately file complaint against the father or stepfather of the dependent child under section 28-449 or file a civil petition under the provisions of section 43-512.03 whenever the recovery of child support appears to be practicable.' Section 43-512.01, 1977 Supp.
"The county attorney shall:
 "(1) On request by the Department of Public Welfare or the county division of public welfare, or when the investigation or application filed under section 43-512 justifies, file a petition against an absent parent in the district court praying for an order for child support in aid to dependent children cases when there is no existing child support order and, on request by the child caretaker, file a petition against an absent parent in the district court praying for an order for child support on behalf of children who are not recipients of aid to dependent children. After notice and hearing, the court shall adjudicate child support liability of the absent parent and enter an order accordingly;
 "(2) Enforce child support orders by citing the defendant for contempt or filing a criminal complaint; and
 "(3) Establish paternity and collect child support on behalf of children born out of wedlock.' Section 43-512.03, 1977 Supp.
 "An action for child support may be brought in the district court separate and apart from any action for dissolution of marriage." Section 43-512.04, R.S.Supp., 1976.
The thrust of the above cited statutes is for the collection of child support for the purposes of recouping the AFDC payments to the Department of Welfare. Dissolution of marriage pursuant to sections 42-341 through 42-379 provides for all aspects of divorce such as reasonable attempts to reconcile and then eventually a property settlement and the obtaining of alimony. We can visualize some conflict for the county attorney in aggressively pursuing child support enforcement and at the same time advising the client in the spirit of reconciliation. Further, there could be a problem after the dissolution has gone beyond attempted reconciliation and has reached the stage of property settlement or determination of and collection of alimony for the wife. If the separated or divorced father-husband makes his child support payment or if there is a garnishment pursuant to section 43-512.09, his financial position is lessened for the alimony payments and vice versa. Thus, we can visualize the state's interest as an assignee in collecting child support payments could be in conflict with the long-term interests of the wife-mother. We further are of the opinion that consent or agreement by the wife-mother without benefit of counsel would not eliminate the problem of conflict of interest.